

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

April 24, 2020

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *New York v. Chad F. Wolf, et al.*, No. 20 Civ. 1127 (JMF) (S.D.N.Y.)
             *Lewis-McCoy, et al. v. Chad Wolf, et al.*, No. 20 Civ. 1142 (JMF) (S.D.N.Y.)

Dear Judge Furman:

      This Office represents Chad F. Wolf, Acting Secretary of Homeland Security; Mark Morgan, Acting Commissioner of U.S. Customs and Border Protection; the Department of Homeland Security ("DHS"); and U.S. Customs and Border Protection ("CBP") (together "Defendants") in the above-referenced actions.  Today, consistent with the scheduling order entered on April 1, 2020, ECF No. 23, Defendants will file an Administrative Record on the public docket, which redacts from an email exchange the names of several CBP employees below the level of senior executive, their email address, and their telephone numbers, DHSGLL062-DHSGLL064.[1]  Defendants will also submit a non-public version of the Administrative Record, which is materially identical to the public version, but which does not contain the redaction of personally identifying information.  We write in accordance with Your Honor's Individual Rule 7(C)(iii) to request a protective order pursuant to Federal Rule of Civil Procedure 5.2(e), to permit Defendants to maintain those limited redactions of personally identifying information.  Plaintiffs do not oppose the redactions of the email addresses and phone numbers of CBP employees, but oppose the redaction of their names.  Nevertheless, for the reasons set forth herein, the Court should grant this request in its entirety.

      Defendants' limited redaction of personally identifying information is warranted here. While judicial documents are accorded a presumption of public access, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1).  "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007). First, the court must determine whether the documents at issue are "judicial documents." *Stern*,

---

[1] The Administrative Record also contains redactions reflecting Defendants' assertion of privileges.  These redactions are not the subject of this letter.

529 F. Supp. 2d at 420 (quoting *Lugosch*, 435 F.3d at 119).[2] Second, the court must determine the "weight of the presumption" of public access. *Id.* Third, the court must weigh countervailing interests against the presumption. *Id.*

"[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). "[T]he presumptive right of access is afforded 'strong weight' when applied to documents that play a central role in 'determining litigants' substantive rights—conduct at the heart of Article III.'" *Mirlis v. Greer*, 952 F.3d 51, 60 (2d Cir. 2020) (quoting *Amodeo*, 71 F.3d at 1049). But information such as the names and other identifying information of low-level employees is "largely unrelated to the public interest," and may properly be withheld. *In re Savitt/Adler Litigation*, No. 95 Civ. 1842 (RSP) (DRH), 1997 WL 797511, at *4 (N.D.N.Y. Dec. 23, 1997); *see also id.* ("[T]he public can assess the Attorney General's actions without the names of the individual AAGs."); *Kelly v. City of New York*, No. 01 Civ. 8906 (AGS) (DF), 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003) ("[T]he public can assess the City's actions in discharging Plaintiffs without the names of the individual employees."). Accordingly, the personally identifying information of employees being withheld here warrants only a limited presumptive right of access.

Moreover, the countervailing interests against the presumption of access are significant. *Lugosch*, 435 F.3d at 120. "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001) (citing *Amodeo*, 71 F.3d at 1051). "[I]ndividuals, including government employees and officials, have privacy interests in the dissemination of their names." *Massey v. FBI*, 3 F.3d 620, 624 (2d Cir. 1993); *see also Long v. OPM*, 692 F.3d 185, 196 ("Redaction of names goes a long way toward protecting against surveillance and publicity those things that are generally treated as nobody else's business."). As explained in the Declaration of Robert E. Perez, CBP employees have an interest in their personally identifying information for many reasons. Disclosure of email address and phone numbers creates cyber security risks. *Id.* ¶¶ 5, 9. And all personally identifying information of low-level employees "risks unwarranted attribution and attention to the employee beyond the confines of his or her job and into his or her personal life." *Id.* ¶ 6. Indeed, "CBP employees have been subject to harassment, discrimination, and have even received threats to physical safety solely because of their employment at CBP." *Id.* ¶ 7. For these reasons, CBP has been designated a "Security Agency" and exempted from salary information disclosure policies. *Id.*; *see also Amodeo*, 71 F.3d at 1050 (noting that "the danger of impairing law enforcement" may be a competing interest).

For many of these reasons, courts have allowed for the redaction of names of individual employees where their identities have little or no bearing on the outcome of the litigation. *See Kelly*, 2003 WL 548400, at *6 ("[R]edacting the employees' names will have minimal consequence on the public's ability to determine whether the City's stated policies regarding tax submissions were uniformly applied."); *In re Savitt/Adler Litigation*, 1997 WL 797511, at *4 ("The redacted record will reveal what political influence a particular AAG may have had . . . . All

---

[2] Defendants do not contest that the Administrative Record consists of "judicial documents."

that will be missing is the identity of the AAG concerned.  Because the redaction sought is minimal and largely unrelated to the public interest, I conclude that defendants have demonstrated that a higher value will be served by redaction and that their proposed redactions are narrowly tailored to serve that interest.").  Accordingly, Defendants respectfully request that the Court allow the redaction of names, email addresses, and phone numbers of certain CBP employees in pages DHSGLL062-DHSGLL064 of the Administrative Record to remain.

      We thank the Court for its consideration of this request.

                                Respectfully submitted,

                                GEOFFREY S. BERMAN  
                                United States Attorney for the  
                                Southern District of New York

By:   */s/ Zachary Bannon*  
       ZACHARY BANNON  
       ELIZABETH KIM  
       CHRISTOPHER CONNOLLY  
       Assistant United States Attorneys  
       86 Chambers St. 3rd Floor  
       New York, New York 10007  
       Tel.:   212-637-2728  
       Fax:   212-637-2717  
       E-mail: Zachary.Bannon@usdoj.gov