UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK,<br><br>        Plaintiff,<br><br>-v-<br><br>CHAD F. WOLF, *in his official capacity as Acting Secretary of Homeland Security*, et al.,<br><br>        Defendants. | No. 20 Civ. 1127 (JMF) |
| R. L'HEUREUX LEWIS-MCCOY et al., *on behalf of themselves and all similarly situated individuals*<br><br>        Plaintiffs,<br><br>-v-<br><br>CHAD F. WOLF, *in his official capacity as Acting Secretary of Homeland Security*, et al.,<br><br>        Defendants. | No. 20 Civ. 1142 (JMF) |

**DECLARATION**

I, Robert E. Perez, hereby state as follows:

1. I am currently the Deputy Commissioner of U.S. Customs and Border Protection (CBP), U.S. Department of Homeland Security. Until June 2018, I was the Executive Assistant Commissioner for Operations Support. I began my career with the U.S. Customs Service in 1992 as a Customs Inspector in Newark, New Jersey. Throughout my career at CBP I have held various positions at CBP headquarters and the field, including becoming the first Director of the Customs–Trade Partnership Against Terrorism (C-TPAT) in 2002. I

also served as a Port Director and the Director of Field Operations in Detroit, Michigan and a Director of Field Operations at CBP's New York Field Office.

2. In my role as a Deputy Commissioner, I am the agency's senior career official, with a primary focus of working closely with the Commissioner to ensure that CBP's mission of protecting the Nation's borders from terrorists and terrorist weapons is carried out effectively in partnership with other Federal, state, local, and foreign entities. Additionally, I provide executive leadership in planning short and long-range strategies, activities, and projects.

3. The purpose of this declaration is to support Defendants' Letter Motion to Redact Certain Documents in the in *State of New York v. Wolf*, Case No. 20-cv-01127 (S.D.N.Y) and *Lewis-McCoy v. Wolf*, Case No. 20-cv-1142 (S.D.N.Y.) matters and explain the need to redact personally identifiable information of CBP employees from the Administrative Record.

4. This declaration is based on my personal knowledge, as well as information conveyed to me by my staff and other knowledgeable CBP personnel in the course of my official duties and responsibilities.

5. CBP redacted names of employees, including names of law enforcement officers, as well as their email addresses and phone numbers (collectively, "PII") from the publicly filed portion of the administrative record in the above-captioned cases. Disclosure of employee PII would constitute unwarranted invasion of privacy, could create safety concerns for employees and would not provide any added benefit to the litigation of these matters. Disclosure of emails and phone numbers of CBP employees could create cyber security threats to both employees and CBP as a whole.

6. Disclosure of employee PII, such as names, email addresses, and phone numbers constitutes an invasion of privacy. The individual's right to have his or her identity withheld from disclosure outweighs the public interest, if any, in knowing the withheld information. The identification of an individual in association with the performance of duties at a law enforcement agency, in an operational context, risks unwarranted attribution and attention to the employee beyond the confines of his or her job and into his or her personal life.

7. Further, disclosure of the identities of employees creates threats to the safety of the employees and their families. CBP employees have been subject to harassment, discrimination, and have even received threats to physical safety solely because of their employment at CBP. For example, in July of 2019, at CBP Tucson Field Office multiple marked CBP vehicles, parked in a non-government parking lot, were vandalized overnight. Further, in June of 2019, Border Patrol Agents in Idaho received threats via fax. In the same month, the group "Antifa" posted threats to law enforcement on social media threatening to use "acid milkshakes" to inflict chemical burns. Finally, CBP employees regularly receive threats on government phones by callers using altered numbers and spoofed voices and have been harassed on public transportation solely for their perceived affiliation with the Department of Homeland Security or CBP. As a result, the Office of Personnel Management designated CBP a "Security Agency" and CBP employees are exempt from its salary information disclosure policy.

8. Disclosing the identities of specific individuals will not advance the litigation or shed light on agency operations beyond what the individual's title would. The identity of individual employees is not relevant to the claims in this litigation where a specific

agency action is challenged. Even if the names of individuals could provide minimal benefit to the litigation, any benefit is outweighed by the personal privacy interests of CBP employees.

9. Finally, disclosure of an individual's email addresses could subject that individual and CBP as a whole to cybersecurity vulnerabilities. If an employee's email address is publicized, malicious actors can engage in various forms of deception, such as phishing and spear-phishing, to manipulate the individual into divulging confidential work-related or personal information that such actors subsequently use for malicious purposes. Malicious actors may also engage in other tactics such as publishing individuals' private information, harassing individuals, and or sending ransomware, presenting additional cybersecurity threats for CBP.

10. For the reasons stated above, all CBP employee PII should be filed under seal or redacted from the publicly filed Administrative Record.

11. I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 24th day of April, 2020

/s/ _____
Robert E. Perez
Deputy Commissioner
U.S. Customs and Border Protection