

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 27, 2020

**By ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *New York v. Chad Wolf, et al.*, No. 20 Civ. 1127 (JMF) (S.D.N.Y.)
             *Lewis-McCoy, et al. v. Chad Wolf, et al.*, No. 20 Civ. 1142 (JMF) (S.D.N.Y.)

Dear Judge Furman:

      This Office represents Chad F. Wolf, Acting Secretary of Homeland Security; Mark Morgan, Acting Commissioner of U.S. Customs and Border Protection; the Department of Homeland Security ("DHS"); and U.S. Customs and Border Protection ("CBP") (together the "government") in the above-captioned actions. We write respectfully in response to the Court's April 24, 2020 Order, in which Your Honor permitted the government to file a supplemental letter addressing whether the government should be required to produce a privilege log. For the reasons that follow, and for the reasons set forth in the government's April 8, 2020 letter motion, the government continues to oppose production of a privilege log.[1]

      We respectfully request that the Court refrain from requiring the government to produce a privilege log because Plaintiffs have failed to make any showing of bad faith or improper behavior in designating the Administrative Record and because the Court can decide this matter on the Administrative Record. *See Batalla Vidal v. Duke*, No. 16 Civ. 4756 (NGG), No. 17 Civ. 5228 (NGG), 2017 WL 4480198, at *2 (E.D.N.Y. Oct. 3, 2017).

      *First*, Plaintiffs have failed to make a strong showing of bad faith or improper behavior in the designation of the Administrative Record. *See* ECF Docs. 41, 47 ("Pls. Br."). Rather than making a showing of bad faith or improper behavior regarding the designation of the record, Plaintiffs argue that the February 5, 2020 Decision was made in bad faith. *See id.* ("Intentionally targeting a state's population to compel changes in that state's laws would meet any definition of

---

[1] As explained in the government's April 8, 2020 letter motion, as a threshold matter, the government opposes the production of a privilege log because privileged materials are not properly considered part of the administrative record. *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("predecisional and deliberative documents are not part of the administrative record to begin with") (internal quotation marks omitted).

bad faith."). However, Plaintiffs' allegation that the agency acted in bad faith in reaching the February 5, 2020 Decision is not relevant to whether it has properly designated the record for judicial review. *Cf. Batalla Vidal*, 2017 WL 4480198, at *2 (deferring decision on the production of a privilege log until and if "Plaintiffs have shown that Defendants acted in bad faith *in designating the record*") (emphasis added). Plaintiffs' other attempts to show bad faith or improper behavior involve no more than speculative assertions about possible political influence in the decisionmaking process, rather than challenging the scope of materials contained in the Administrative Record. *See* Pls. Br. at 3. In light of Plaintiffs' failure to make any showing, much less a strong showing, of bad faith or improper behavior in the designation of the Administrative Record, a privilege log should not be required here.

*Second*, the Court should decline to require the production of a privilege log because the Court can decide these matters on the Administrative Record filed by the government. On April 24, 2020, the government filed the Administrative Record, in which the government identified the non-privileged documents[2] considered by DHS in reaching the February 5, 2020 Decision that is the subject of this litigation. *See* ECF Docs. 37, 43. The Administrative Record includes Acting Secretary Wolf's December 30, 2019 memorandum, which requested that each DHS component provide an assessment as to the operational impacts of state laws that restricted the sharing of Department of Motor Vehicle ("DMV") information with DHS. *See* DHSGLS004-005. It also includes each component's response to the December 30, 2019 memorandum, a January 27, 2020 memorandum from DHS's Office of Strategy, Policy and Plans, the Memorandum of Agreement governing New York and DHS's information-sharing arrangement, an email chain discussing the operational impact of the Green Light Law, and a Trusted Traveler Programs handbook. *See* DHSGLL009-DHSGLL062. Plaintiffs have not identified any materials—even in general terms—that they would expect to see in the record, but which have been omitted. If Plaintiffs believe that the record reflects arbitrary decisionmaking, they can make that argument on a motion for summary judgment without need to further litigate the contents of the record. They have pointed to no evidence which suggests that the Court cannot decide these matters on the Administrative Record filed by the government.

For the reasons discussed above, the government opposes the production of a privilege log accompanying the Administrative Record. We thank the Court for its consideration of this matter.

---

[2] Plaintiffs argue that a privilege log must be ordered because "the Administrative Record is extensively redacted with no stated basis of privilege to justify those redactions." Pls. Br. at 1-2. The government did not attempt to explicate the basis for its assertions of privilege at this stage in light of the currently operative court-ordered deadline to identify privileged materials.

    Respectfully,

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

By:   /s/ Zachary Bannon
    ZACHARY BANNON
    ELIZABETH KIM
    CHRISTOPHER CONNOLLY
    Assistant United States Attorneys
    86 Chambers St. 3rd Floor
    New York, New York 10007
    Tel.:   212-637-2728
    Fax:   212-637-2717
    E-mail: Zachary.Bannon@usdoj.gov