April 29, 2020

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      RE:    Plaintiffs' joint letter regarding redactions to the Administrative Record in *State of New York v. Wolf, et al.*, 20-CV-1127 (JMF), and *Lewis-McCoy v. Wolf, et al.*, 20-CV-1142 (JMF).

Dear Judge Furman,

      As directed by the Court's April 27, 2020 order, ECF No. 40, Plaintiffs submit this joint letter addressing Defendants' motion to redact the names, phone numbers, and email addresses of their employees from the Administrative Record, ECF No. 36. Plaintiffs do not oppose the redaction of phone numbers or email addresses. Plaintiffs oppose the redaction of names because public disclosure of judicial documents serves important public interests in transparency, and Defendants have failed to make the necessary showing of "good cause" necessary to defeat the presumption in favor of disclosure. *See* Fed. R. Civ. P. 5.2(e).

      "[A] strong presumption" of access attaches to the type of "judicial document" at issue here—the Administrative Record. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) (explaining that documents central to the court's review are "judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment").[1] Accordingly, Defendants may redact information such as names only if they present "good cause" sufficient to overcome the presumption of access afforded under the common law and the First Amendment. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 61 (S.D.N.Y. 2007). As the Administrative Record typically forms the basis for the Court's consideration of claims brought pursuant to the Administrative Procedure Act, those materials "should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 121 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). And under the First Amendment, sealing "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* As Plaintiffs do not oppose the sealing of contact information, the only question for the Court is whether redacting the names of the employees who worked on the agency action challenged here is a necessary and narrowly tailored means of "preserv[ing] higher values." *Id.*

      The public has a clear interest in knowing the identity of individuals involved in the decision to exclude New Yorkers from the Trusted Traveler Programs. Names are not

---

[1] Defendants do not dispute that the Administrative Record consists of "judicial documents," Defs.' Mot. at 2 n.2, nor that the presumption of access that attaches to these documents is afforded "strong weight," *id.* at 2.

1

traditionally considered private.  *See, e.g.*, *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 625 (S.D.N.Y. 2011) (refusing to seal names of non-party employees because there was no "basis" to conclude that names are traditionally private).  That is especially true of the identity of federal employees who contributed to agency action affecting all of New York's twenty million residents.  *Amodeo*, 71 F.3d at 1051 (explaining that financial records, family affairs, illnesses "and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public").  Defendants' employees are not bystanders, but are federal employees who played roles in researching and designing the agency action at issue in this litigation.  Their work on behalf of the agency is the subject of deep public interest in New York State.  *Amodeo*, 71 F.3d at 1053 (privacy interest of non-party was lower when representing "institutions with legal and ethical obligations" and because subject matter was "such that [non-party] might reasonably have expected some public scrutiny").

Defendants do not contend the names at issue refer to low-level field operations staff.  To the contrary, all but one of the individuals whose names are redacted appear to be attorneys in the Office of Chief Counsel, not field operations staff; the one non-attorney appears to have been previously identified in a publicly-available Freedom of Information Act production available on Defendants' website.  Defendants offer only speculation to support their argument that disclosure of traditionally public information in which there is a limited, if any, privacy interest—names—carries any risks, citing incidents that Defendants do not even attempt to trace to the disclosure of names.  *See* Perez Decl., ECF No. 36-1.  Such speculation does not enable this Court to make "specific, on-the-record findings that sealing is necessary," as "[b]road and general findings . . . are not sufficient to justify closure."  *Lugosch*, 435 F.3d at 120.  Properly weighed, then, the purported privacy interests Defendants claim cannot dislodge the strong presumption of access.  This Court should deny Defendants' motion to redact the names of employees from the Administrative Record.

Respectfully submitted,

LETITIA JAMES
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo, *Chief Counsel for Federal Initiatives*
Elena Goldstein, *Deputy Chief, Civil Rights Bureau*
Daniela L. Nogueira, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

Attorneys for Plaintiff in 20-CV-1127

NEW YORK CIVIL LIBERTIES UNION FOUNDATION

By: */s/ Antony P.F. Gemmell*
Antony P.F. Gemmell
Molly K. Biklen
Jessica Perry
Jordan Laris Cohen
Christopher T. Dunn
125 Broad Street, 19th Floor
New York, NY 10004
212-607-3300
agemmell@nyclu.org

Attorneys for Plaintiffs and Putative Class in 20-CV-1142