

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 28, 2020

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:   *New York v. Chad F. Wolf, et al.*, No. 20 Civ. 1127 (JMF) (S.D.N.Y.)
           *Lewis-McCoy, et al. v. Chad Wolf, et al.*, No. 20 Civ. 1142 (JMF) (S.D.N.Y.)

Dear Judge Furman:

    This Office represents the defendants in the above-referenced actions. We write respectfully in response to the Court's July 23, 2020, order, Dkt. No. 88,[1] which directed the parties to address whether the Department of Homeland Security's ("DHS's") announcement that it "will lift its ban on the Trusted Traveler Program (TTP) for New York residents"[2] renders these actions moot. For the reasons that follow, these actions are now moot and should be dismissed.

    The State of New York and a class of New York residents filed these actions seeking declaratory and injunctive relief invalidating the February 5, 2020, decision of Acting Secretary Chad Wolf to exclude New York residents from participation in Trusted Traveler Programs (the "TTP Decision"). *See, e.g.*, Dkt. No. 1 at 29-30. DHS rescinded the TTP Decision on July 23, 2020. That intervening change in policy afforded plaintiffs the full relief they seek. The Supreme Court has repeatedly affirmed that a change in law that affords plaintiffs the relief they seek moots a lawsuit challenging the prior law. *See, e.g.*, *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920) ("Where by an act of the parties, or a subsequent law, the existing controversy has come to an end, the case becomes moot and should be treated accordingly"); *Hall v. Beals*, 396 U.S. 45, 48 (1969) (holding that an amendment to a Colorado law "has surely operated to render this case moot" because the amendment resolved plaintiffs' objections to the law); *U.S. Dep't of Treasury Bureau of Alcohol, Tobacco and Firearms v. Galioto*, 477 U.S. 556, 559-60 (1986) (dismissing claims as moot where a "new statutory scheme" resolved plaintiffs' challenges); *United States v. Microsoft Corp.*, 138 S. Ct. 1186, 1188 (2018) (per curiam) (finding dispute "over the issue with

---

    [1]  Citations refer to the docket in *New York v. Wolf*, No. 20 Civ. 1127 (JMF) (S.D.N.Y.).

    [2]  *See* Dep't of Homeland Security, *New York Amends Dangerous Green Light Law to Cooperate with Federal Law Enforcement on DMV Records*, available at https://www.dhs.gov/news/2020/07/23/new-york-amends-dangerous-green-light-law-cooperatefederal-law-enforcement-dmv (July 23, 2020).

respect to which certiorari was granted" moot after action was taken pursuant to new statute); *New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (per curiam) (finding "[p]etitioners' claim for declaratory and injunctive relief with respect to the City's old rule" moot after amendment of that rule).

This mootness analysis applies even though DHS's change of policy was contemporaneous with its withdrawal of its motion papers and recognition that a central argument in its defense of its decision was premised on an erroneous foundation. *See* Dkt. No. 89 at 2. Policies are often changed in response to litigation, and the Supreme Court has declined to review superseded laws even when changes appear to have been prompted by litigation concerns. *See Fusari v. Stenberg*, 419 U.S. 379, 385 (1975) (remanding case for consideration in light of change in law where "[f]ollowing [the Supreme Court's] notation of probable jurisdiction, the Connecticut Legislature enacted major revisions on" the law at issue); *Kremens v. Bartley*, 419 U.S. 119, 128 (1977) ("The fact that the Act was passed after the decision below does not save the named appellees' claims from mootness."). Nor does the "voluntary cessation" doctrine apply here. As the Seventh Circuit has explained, "the complete repeal of a challenged law renders a case moot, unless there is evidence creating a reasonable expectation that the [government] will reenact the [law] or one substantially similar." *Fed. of Advertising Indus. Reps., Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir. 2003); *see also id.* at 930 n.7 (collecting cases to the same effect from other circuits); *accord Assoc. Gen. Contractors of Conn., Inc. v. City of New Haven,* 41 F.3d 62, 66 (2d Cir. 1994). Here, DHS's acknowledgment that the rescinded TTP Decision is not legally supportable, *see* Dkt. No. 89, mitigates the risk that it will be re-implemented.

"The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.3d 380, 386 (2d Cir. 1983). Here, Plaintiffs seek a judgment in this action despite the fact that DHS has provided them with the full relief sought in their lawsuits. But because that relief "is no longer needed," *id.*, these cases should be dismissed as moot.

We thank the Court for its consideration of this letter.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By:   /s/ Zachary Bannon
     ZACHARY BANNON
     ELIZABETH KIM
     CHRISTOPHER CONNOLLY
     Assistant United States Attorneys
     86 Chambers St. 3rd Floor
     New York, New York 10007
     Tel.:   212-637-2728, 2745, 2761
     Fax:   212-637-2717
     E-mail: Zachary.Bannon@usdoj.gov
              Elizabeth.Kim@usdoj.gov
              Christopher.Connolly@usdoj.gov