

**U.S. Department of Justice**

*United States Attorney
Southern District of New York*

*86 Chambers Street
New York, New York 10007*

August 7, 2020

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re: *New York v. Chad F. Wolf, et al.*, No. 20 Civ. 1127 (JMF) (S.D.N.Y.)
      *Lewis-McCoy, et al. v. Chad Wolf, et al.*, No. 20 Civ. 1142 (JMF) (S.D.N.Y.)

Dear Judge Furman:

  This Office represents the defendants in the above-referenced actions. We write respectfully in response to the Court's July 28, 2020, order, Dkt. No. 92,[1] setting August 7, 2020 as defendants' deadline to file a motion to dismiss on the ground that the Department of Homeland Security's ("DHS's") July 23, 2020 rescission of the TTP Decision rendered these cases moot. Based on additional discussions with DHS and U.S. Customs and Border Protection ("CBP"), this Office became aware of several residual effects of the TTP Decision that continue to affect New York residents seeking TTP membership. In light of these residual effects, explained below, defendants request, with plaintiffs' consent, an extension of time to file any brief concerning mootness or attorney's fees until August 12, 2020, so that the parties may have additional time to reach a potential resolution of these matters. Should the Court be disinclined to grant that request, defendants respectfully submit this letter as notice that they do not intend to submit a brief arguing that the cases are moot, as the facts stand at present.

  On July 23, 2020, DHS rescinded the TTP Decision. On July 28, 2020, defendants expressed the view that the rescission of the TTP Decision rendered these matters moot. *See* Dkt. No. 90. However, upon further consultation with CBP and plaintiffs, this Office has determined that implementation of DHS's rescission of the TTP Decision has not yet mooted these cases. Specifically, a case becomes moot upon a party's voluntary cessation of challenged conduct only if the party can establish that "'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Mhany Mgmt., Inc. v. Cnty. Of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (quoting *Granite State Outdoor Advert., Inc. v. Town of Orange*, 303 F.3d 450, 451 (2d Cir. 2002)). At present, defendants do not believe that the effects of the TTP Decision have been "completely and irrevocably eradicated."

---

[1] Citations refer to the docket in *New York v. Wolf*, No. 20 Civ. 1127 (JMF) (S.D.N.Y.).

An example of the residual effects of the TTP Decision concerns the "grace period" afforded to applicants for renewal of a Trusted Traveler Program membership.[2] CBP's vetting of Trusted Traveler Program applications and renewals sometimes takes up to a year. To avoid lapses in benefits while renewal applications are pending adjudication, CBP affords renewal applicants a grace period—currently eighteen months—wherein membership benefits are extended while a renewal application is under review, so long as CBP's does not identify information that warrants revocation of membership. This grace period is extended so long as an applicant submits their renewal application before membership benefits elapse. However, New York residents whose membership lapsed during the period in which the TTP Decision was in place were unable to submit a renewal application that would have entitled them to benefit from the grace period. As such, New York residents whose membership lapsed during the TTP Decision will not have membership benefits until their new membership renewal applications have been finally adjudicated and approved. Accordingly, this residual operational effect precludes defendants from arguing that the effects of the TTP Decision have been "completely and irrevocably eradicated." *Mhany Mgmt.*, 819 F.3d at 603.

The parties are engaged in good-faith settlement negotiations that may resolve these lingering operational effects of the TTP Decision. It is very unlikely, however, that these negotiations will be resolved in advance of today's briefing deadline, nor Monday's deadline to submit a briefing schedule on attorney's fees. As such, the parties agree that they would benefit from an extension of both deadlines until August 12, 2020, to permit continued negotiations. Should the Court deny this request, defendants do not intend to submit mootness briefing today, as the effects of the TTP Decision have yet to be "completely and irrevocably eradicated."

We thank the Court for its consideration of this letter.

---

[2] This example is illustrative, and this Office intends to work with CBP and plaintiffs to determine whether other residual operational effects remain.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By:   /s/ Zachary Bannon
    ZACHARY BANNON
    ELIZABETH KIM
    CHRISTOPHER CONNOLLY
    Assistant United States Attorneys
    86 Chambers St. 3rd Floor
    New York, New York 10007
    Tel.:   212-637-2728, 2745, 2761
    Fax:   212-637-2717
    E-mail: Zachary.Bannon@usdoj.gov
           Elizabeth.Kim@usdoj.gov
           Christopher.Connolly@usdoj.gov