

**New York Civil Liberties Union**
125 Broad Street, 19th Floor
New York, New York 10004
212.607.3300
www.nyclu.org

Antony Gemmell
Senior Staff Attorney
212.607.3320
agemmell@nyclu.org

September 24, 2021

<u>Via ECF</u>

Hon. Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

<u>Re</u>:    *Lewis-McCoy v. Mayorkas*, 20 Civ. 1142 (JMF)

Dear Judge Furman:

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and Local Civil Rules 23.1 and 83.2, the parties jointly move the Court for approval of the proposed Stipulation and Order of Settlement and Dismissal (the "Proposed Settlement") attached hereto as Exhibit A.

Following the Court's decisions granting summary judgment in Plaintiffs' favor, vacating the challenged TTP decision, and declining to issue permanent injunctive relief, *see* ECF Nos. 122, 136, counsel for the parties have engaged in productive settlement discussions aimed at resolving the sole remaining issue in this litigation: Plaintiffs' claim for attorney's fees and costs. These discussions have culminated in a Proposed Settlement under which this action would be dismissed with prejudice, and Plaintiffs would receive $135,400 in satisfaction of their attorney's fees and costs.

That result is "fair, reasonable, and adequate" for the Plaintiff class, and therefore we respectfully submit that the Court should approve the Proposed Settlement under Rule 23. *See* Fed. R. Civ. P. 23(e)(2). The amount of attorney's fees and costs provided in the Proposed Settlement is both fair and reasonable, as evidenced by the fact that it reflects months of arm's-length negotiation between counsel for the parties.[1] And particularly in view of the Court's finding that "Plaintiffs' injuries have been, or will be, fully remedied by the TTP Decision's

---

[1] Of note, the attorney's fees and costs amount provided in the Proposed Settlement is similar to that approved by the Court in *New York v. Mayorkas*, the State of New York's parallel challenge to the TTP decision. *See New York v. Mayorkas*, 1:20-cv-1127-JMF, ECF No. 156 (S.D.N.Y. Sept. 17, 2021) (so-ordering settlement agreement).

rescission and vacatur," ECF No. 136, the Proposed Settlement adequately reflects the interests of the class while limiting needless further expenditure of judicial resources.[2]

For similar reasons, the Court should approve the Proposed Settlement as to S.T., the infant named plaintiff who appears in this litigation by and through her mother, Amanda Hughes. S.T. is identically situated to other class members for purposes of the Proposed Settlement, and the reasons favoring approval of the Proposed Settlement under Rule 23 warrant the same conclusion under Local Civil Rule 83.2.[3]

***

For all these reasons, the parties jointly request that the Court approve the Proposed Settlement.

We thank the Court for its consideration of this request and would be happy to address any questions or concerns that the Court may have.

Respectfully submitted,

*/s/ Antony P.F. Gemmell*
Antony P.F. Gemmell

*Counsel for Plaintiffs*

---

[2] Plaintiffs did not seek damages and the Court's summary judgment decision already has provided all the substantive relief they will receive, *see* ECF No. 136. Accordingly, it is appropriate for the Court to dispense with the notice and hearing procedures of Rule 23(e). *See, e.g.*, *Green v. Am. Exp. Co.*, 200 F.R.D. 211, 212 (S.D.N.Y 2001) (finding no notice and hearing required when, *inter alia*, the settlement provides "near complete relief"; creates "no potential for the named plaintiffs to benefit at the expense of the rest of the class"; and is accompanied by no evidence of collusion between the parties); *Doe by Doe v. Perales*, 782 F. Supp. 201, 206–07 (S.D.N.Y. 1991) (dispensing with Rule 23(e)'s notice and hearing requirements); *see also J.S. v. Attica Cent. Sch.*, No. 00-CV-513S, 2012 WL 3062804, at *2–*3 (W.D.N.Y. July 26, 2012) (collecting cases dispensing with Rule 23(e)'s formal requirements). Nonetheless, the parties are prepared to follow the full Rule 23(e) procedure should the Court so require.

[3] Local Civil Rule 83.2 requires that an application for infant compromise conform with the procedures of New York law, but permits the Court to dispense with state infant compromise procedures for cause shown. New York's Civil Practice Law and Rules ("CPLR") require that a motion for infant compromise be supported by affidavits of the infant's representative and attorney, and that the Court hold a hearing regarding the motion. *See* CPLR § 1208.

This letter motion is supported by the attached declaration from Ms. Hughes. *See* Exhibit B. Given the nature of the Settlement Agreement, in the interest of efficiency, and because the requirements of CPLR § 1208 have been substantially met, the parties respectfully submit that there is good cause for the Court to dispense with further requirements for infant compromise under New York law.